# EXHIBIT B

STATE OF MINNESOTA ) ss
County of Chippewa )

On this 27th day of February, 1947, before me, a Notary Public within and for said County, personally appeared Raymond C. Anderson and Laura Anderson, husband and wife, to me known to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

(NOTARIAL SEAL)

Astor Bennetson
Notary Public, Chippewa County, Minn.
My Commission Expires:
Astor Bennetson, Notary Public
Chippewa County, Minn.
My Commission Expires April 25, 1951.

Filed for record on the 11 day of April A.D. 1949 at 2:05 o'clock P.M. and was recorded in Book 20 of Misc. on page 242.

E. F. Raddatz, Register of Deeds
-- By Lillian Bergem, Deputy

---

Document No. 129735

OIL AND GAS LEASE
SELMER GRIMESTAD ET AL TO A.M. FRUH & THOMAS W. LEACH
------------------
OIL AND GAS LEASE

AGREEMENT, Made and entered into the 10th March, 1949 by and between Selmer Grimestad and Evelyn Grimestad, his wife; Lawrence Grimestad and Eileen Grimestad, his wife; Edwin Grimestad and Alma Grimestad, his wife; Luella Wold and Raymond Wold, her husband; Cora L. Hastings and Lawrence Hastings, her husband; Lillian H. Swenson, a single woman; Doris Berg and Kenneth Berg, her husband; Lynn Swenson, a single man; Amy Swenson, a single woman; Juliet Swenson, a single woman and Selmer Grimestad as legal guardian for James Grimestad, incompetent hereinafter called lessor (whether one or more) and A. M. Fruh and Thomas W. Leach, Bismarck, N. Dak. hereinafter called lessee:

WITNESSETH: That the said lessor, for and in consideration of One and no/100 Dollars, cash in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on part of lessee to be paid, kept and performed, has granted, demised, leased and let and by these presents does grant, demise, lease and let unto the said lessee for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil and gas and of laying of pipe lines, and of building tanks, powers, stations and structures thereon to produce, save and take care of said products, all that certain tract of land situate in the County of McKenzie State of North Dakota, described as follows, to-wit:

Lots 1, 2, 3, 5, 6, 11, 12, N½SE¼, S½SE¼ Section 6, Twp 152N., Rge 95W.
Lots 3 and 4 and N½SW¼, S½SW¼ Section 5, Twp 152 N., Rge 95 W.
W½NE¼, E½NW¼ Section 30, Twp 152 N., Rge 95 W.
NE¼ Section 33, Twp 153 N., Rge 95 W.

of Section   Township   Range   and containing 950.49 acres, more or less.

It is agreed that this lease shall remain in force for a term of Ten years from this date, and as long thereafter as oil or gas or either of them is produced from said land by lessee.

In consideration of the premises the said lessee covenants and agrees:

1st. To deliver to the credit of lessor, free of cost, in the pipe line to which lessee may connect wells on said land, the equal one-eighth part of all oil produced and saved from the leased premises.

2nd. To pay lessor one-eighth (1/8) of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found while the same is being used off the premises, and if used in the manufacture of gasoline a royalty of one-eighth (1/8), payable monthly at the prevailing market rate for gas; and lessor to have gas free of cost from any such well for all stoves and all inside lights in the principal dwelling on said land during the same time, by making lessor's own connections with the well at lessor's own risk and expense.

3rd. To pay lessor for gas produced from any oil well and used off the premises or in the manufacture of gasoline or any other product a royalty of one-eighth (1/8) of the proceeds, at the mouth of the well, payable monthly at the prevailing market rate.

If no well be commenced on said land on or before the 15th day of December, 1949 this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the First International Bank at Watford City, N. Dak. or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of 10 cents per acre, which shall operate as rental and cover the privilege of deferring the commencement of a well for Twelve months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for periods of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment, covers not only the privilege granted to the date when said first rental is payable, as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred.

Should the first well drilled on the above described land be a dry hole, then, and in that event, if a second well is not commenced on said land within twelve months from the expiration of the last rental period for which rental has been paid, this lease shall terminate as to both parties, unless the lessee on or before the expiration of said twelve months shall resume the payment of rentals, in the same amount and in the same manner as hereinbefore provided. And it is agreed that upon the resumption of the payment of rentals as above provided, that the last preceding paragraph hereof governing the payment of rentals and the effect thereof, shall continue in force just as though there had been no interruption in the rental payments, and if the lessee shall commence to drill a well within the term of this lease or any extension thereof, the lessee shall have the right to drill such well to completion with reasonable diligence and dispatch, and if oil or gas, or either of them, be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years first mentioned.

If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals herein provided for shall be paid the said lessor only in the proportion which lessor's interest bears to the whole and undivided fee.

  Lessee shall have the right to use, free of cost, gas, oil and water produced on said land for lessee's operations thereon, except water from the wells of lessor.
  When requested by lessor, lessee shall bury lessee's pipe lines below plow depth.
  No well shall be drilled nearer than 200 feet to the house or barn now on said premises without written consent of lessor.
  Lessee shall pay for damages caused by lessee's operations to growing crops on said land.
  Lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing.
  If the estate of either party hereto is assigned--and the privilege of assigning in whole or in part is expressly allowed--the covenants hereof shall extend to their heirs, executors, administrators, successors or assigns, but no change in the ownership of the land, or assignments of rental or royalties shall be binding on the lessee until after the lessee has been furnished with a written transfer or assignment or a true copy thereof; and it is hereby agreed that in the event this lease shall be assigned as to a part or as to parts of the above described lands and the assignee or assignees of such part or parts shall fail or make default in the payment of the proportionate part of the rents due from him or them, such default shall not operate to defeat or affect this lease in so far as it covers a part or parts of said lands upon which the said lessee or any assignee thereof shall make due payment of said rental. In case lessee assigns this lease, in whole or in part, lessee shall be relieved of all obligations with respect to the assigned portion or portions arising subsequent to the date of assignment.
  Lessee may at any time release this lease as to a part or all of the lands above described. In the event of a partial release, the annual delay rental above mentioned shall be reduced proportionately.
  All express or implied covenants of this lease shall be subject to all Federal and State Laws, Executive Orders, Rules or Regulations, and this lease shall not be terminated, in whole or in part, nor lessee held liable in damages, for failure to comply therewith, if compliance is prevented by, or if such failure is the result of, any such Law, Order, Rule or Regulation.
  Lessor hereby warrants and agrees to defend the title to the lands herein described, and agrees that the lessee shall have the right at any time to redeem for lessor, by payment, any mortgages, taxes or other liens on the above described lands, in the event of default of payment by lessor, and be subrogated to the rights of the holder thereof, and the undersigned lessor, for themselves and their heirs, successors, and assigns, hereby surrender and release all right of dower and homestead in the premises described herein, insofar as said right of dower and homestead may in any way affect the purposes for which this lease is made as recited herein.
  IN TESTIMONY WHEREOF WE SIGN, This the 10th day of April, 1949.

Witness:                              Lawrence Grimestad
                                      Eileen Grimestad
                                      Luella Wold
                                      Raymond Wold
                                      Selmer Grimestad
                                      Evelyn Grimestad
                                      Lillian H. Swenson
                                      Lynn Swenson
                                      Doris Berg
                                      Kenneth Berg
                                      Juliet Swenson
                                      Amy Swenson
                                      Edwin Grimestad
                                      Alma Grimestad
                                      Cora L. Hastings
                                      Lawrence B. Hastings
                                      Selmer Grimestad    Guardian of
                                      James Grimestad, incompetent.

ACKNOWLEDGMENTS

Individual acknowledgment for use in North and South Dakota
STATE OF CALIFORNIA )
County of Siskiyou  )ss.                 INDIVIDUAL

  On this 6th day of April, in the year 1949, before me personally appeared Cora L. Hastings and Laurence B. Hastings, known to me to be the persons described in and who executed the within and foregoing instrument, and acknowledged to me that they executed the same.
  IN WITNESS WHEREOF, I have hereunto set my official signature and affixed my notarial seal the day and year first above written.
                                         M. F. Buffum, Notary Public.
(NOTARIAL SEAL)                          My commission expires April 19, 1949

ACKNOWLEDGMENTS

STATE OF NORTH DAKOTA )
COUNTY OF STARK       )ss

  On this 10th day of April, in the year 1949, before me personally appeared Lawrence Grimestad, Eileen Grimestad, Luella Wold, Raymond Wold, Selmer Grimestad, Evelyn Grimestad, Lillian H. Swenson, Lynn Swenson, Doris Berg, Kenneth Berg, Juliet Swenson, Amy Swenson, Edwin Grimestad, Alma Grimestad, known to me to be the persons described in and who executed the within and foregoing instrument, and acknowledged to me that they executed the same.
  In Witness Whereof, I have hereunto set my official signature and affixed my notarial seal the day and year first above written.
                                         D. E. Stetson, Notary Public
(NOTARIAL SEAL)                          My Commission expires 4/5/55

  Filed for record on the 12 day of April, 1949 at 9:40 o'clock A.M. and was duly recorded in Book 20 of Misc. on page 243.
                                         E. F. Raddatz, Register of Deeds
                                         By Lillian Bergem, Deputy
------------------------------