IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **RONALD PENMAN AND**<br>**ADELANTE OIL & GAS, LLC**<br>on behalf of themselves and a Class<br>of similarly situated royalty owners,<br><br>      **Plaintiffs,**<br><br>**v.**<br><br>**HESS BAKKEN INVESTMENTS**<br>**II, LLC**<br><br>      **Defendant.** | Civil Action No.: 22-cv-00097-DMT-CRH |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO HESS BAKKEN INVESTMENT II, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## INTRODUCTION

Defendant Hess Bakken Investments II, LLC ("Hess Bakken") has moved to dismiss Plaintiffs' First Amended Class Action Complaint. (Doc. No. 3, the "Complaint") alleging the Plaintiffs' Complaint fails to meet the notice pleading standard of Fed. R. Civ. P. 8(a)(2). (Doc. No. 8).

Hess Bakken's 12(b)(6) argument is without merit because Plaintiffs allege facts sufficient to establish: (1) Hess Bakken has breached its royalty payment obligations under Plaintiffs' oil and gas leases by improperly deducting unreasonable and excessive post-production costs from Plaintiffs' royalties related to oil produced in the State of North Dakota; (2) Hess Bakken has failed to pay statutory interest for late payments as required by N.D.C.C. § 47-16-39.1; and (3) Hess Bakken has breached Plaintiffs' oil and gas leases and overriding royalty agreements by

wrongfully deducting from Plaintiffs' oil royalties post-production costs attributed to the production of natural gas from Hess Bakken's wells.

## ARGUMENT

### A. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (internal quotations omitted).

A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id.* "[S]pecific facts are not necessary;" a plaintiff need only allege sufficient facts to provide "fair notice" of the claim and its basis. *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022). When reviewing a motion to dismiss, a court must assume the truth of all factual allegations in the complaint and make all reasonable inferences in favor of the non-moving party. *Id.* Dismissal will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief. *Ulrich v. Pop Cnty.*, 715 F.3d 1054, 1058 (8th Cir. 2013).

### B. Plaintiffs Have Properly Stated A Claim For Relief For Each Cause of Action.

As set forth below, Plaintiffs have adequately pled in their Complaint the necessary factual allegations supporting each of their claims to satisfy the pleading standard under Fed. R. Civ. P. 8(a)(2). When "well-pleaded factual allegations" are contained in the complaint, the court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021). Thus, Hess Bakken has failed to meet its burden, and its Motion to Dismiss (Doc. Nos. 7-8) should be denied in all respects.

      **1. Plaintiffs Have Properly Alleged a Claim for Breach of Contract Against Hess Bakken For Underpayment of Oil Royalties Based Upon Hess Bakken's Deduction of Unreasonable and Excessive Costs.**

As set forth in their Complaint, Plaintiffs allege specific facts which, if taken as true, are sufficient to establish that Hess Bakken has breached the terms of the Plaintiffs' oil and gas leases by taking excessive deductions in its calculation and payment of oil royalties. Under North Dakota law, the elements of a *prima facie* case for breach of contract are: (1) existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach. *Serv. Oil, Inc. v. Gjestvang*, 861 N.W.2d 490, 496 (N.D. 2015). In their Complaint, the Plaintiffs allege: (1) the existence of valid oil and gas leases between the parties (Doc. No. 3, ¶¶8-9); (2) that Hess Bakken breached the terms of the oil and gas leases by making unreasonable and excessive deductions in contradiction to North Dakota law (Doc. No. 3, ¶¶10-16); and (3) that Plaintiffs and proposed class members have been damaged as a direct result of Hess Bakken's breach. (Doc. No. 3, ¶¶17-18).

Hess Bakken's Motion to Dismiss only challenges the second element, breach. (Doc. No. 8, p. 5). In doing so, Hess Bakken erroneously alleges that the Complaint "simply asserts that the alleged deductions are 'not permitted by law'" and that the Complaint "leaves the reader with not even a guess as to what alleged deductions" are unreasonable. (Doc. No. 8, p. 6). Hess Bakken's assertions are patently false.

In their Complaint, Plaintiffs specifically identify the deductions Plaintiffs believe are unreasonable and excessive: gathering, storing, transporting, administrative fees, and marketing

costs. (Doc. No. 3, ¶15). Plaintiffs also explain why such deductions are unreasonable, excessive, and not permitted under North Dakota law, because they are calculated using artificially inflated costs derived from affiliated transactions or are otherwise unreasonably high. (Doc. No. 3, ¶¶15-16). These allegations are sufficient to establish that Hess Bakken breached the oil and gas leases and provide "fair notice" to Hess Bakken of the basis for Plaintiffs' claims. *Delker*, 21 F.4th at 1024.

Importantly, as discussed within their Complaint, Plaintiffs recognize and appreciate the North Dakota Supreme Court's recent interpretation of the oil royalty provision at issue, and its adoption of the "at the well" valuation for the payment of oil royalties. (Doc. No. 3, ¶13). Under this rule, Plaintiffs do not dispute that Hess Bakken can deduct reasonable post-production costs as long as such post-production costs are reasonable and not excessive. *Kittleson v. Grynberg Petroleum Co*., 879 N.W.2d 443, 446 (N. D. 2016); *Bice v. Petro-Hunt, L.L.C.*, 2009 ND 124, ¶ 28, 768 N.W.2d 496, 504 (holding under the "work-back method" the lessee calculates the market value at the well by taking the sales price, then subtracting the *reasonable* post-production costs) (emphasis added).

Reasonable is defined as "[f]air, proper, or moderate under the circumstances." *Reasonable*, Black's Law Dictionary (9th ed. 2009). Other courts that have adopted the "at the well" rule have recognized that intra-company sales and other transactions cannot form the basis for calculating royalty payments because such affiliated transactions are presumably unreasonable. *Howell v. Texaco Inc.*, 112 P.3d 1154 (Okla. 2004) (stating, "Texaco admits and we agree that the intra-company contract is not an arm's-length transaction, that it is not a legal basis on which Texaco can calculate royalty payments, and that there was not an arm's-length sale at the wellhead."). In *Howell*, the Oklahoma Supreme Court explained that the burden is on the producer

to justify the costs and expenses it is deducting, and as a result, "[b]ecause it is in the producer's best interest to maximize the costs and expenses, the courts must carefully scrutinize the figures to determine the correct amount." (Doc. No. 3, ¶20). *See also Beer v. XTO Energy, Inc.*, No. CIV-07-798-L, 2010 WL 476715, at *3 (W.D. Okla. Feb. 5, 2010) (court detailed the myriad of fact questions surrounding an operator's deductions in a non-arm's length transaction – there, between XTO Energy and its wholly owned subsidiaries – and reiterated that, pursuant to *Howell*, it's the operator's "[b]urden to prove not only the reasonableness of the costs [deducted], but also that incurring those costs enhanced the value of the gas.")

Similarly, in *Kay Company, LLC v. EQT Production Company*, the Northern District of West Virginia concluded that an operator cannot avoid its royalty payment obligations by simply reorganizing its business to make intra-company wellhead sales. 2017 WL 10436074, at *32 (N.D.W. Va. Sept. 6, 2017) (rejecting an operator's argument that costs for post-production services which are performed by an affiliated entity are "actual or reasonable costs.") As the West Virginia court bluntly concluded, "[t]hat dog won't hunt. Such a ruling would permit one affiliate to charge another affiliate an unreasonable price, which would be whitewashed by the payment by the other company." *Id*. Even in the *Blasi* case, the operator conceded that all post-production costs must be reasonable. *Blasi v. Bruin E&P Partners, LLC*, 2021 ND 86, ¶ 5, 959 N.W.2d 872, 875 (N.D. 2021).

Because a determination of whether a post-production charge is "reasonable" is a question of fact for the jury, the Complaint contains sufficient allegations to survive Hess Bakken's Motion to Dismiss. Here, a jury is required to determine if the post-production costs being deducted by Hess Bakken, through the use of its affiliates, are reasonable and not excessive.

5

Thus, taking all of Plaintiffs' factual allegations as true, Plaintiffs have alleged with plausibility that Hess Bakken has breached its royalty payment obligations under Plaintiffs' oil and gas leases by deducting unreasonable and excessive costs from Plaintiffs' and the proposed class members' oil royalties.

**2. Plaintiffs Have Properly Alleged A Claim That Hess Bakken Is Liable for Late Payments Under N.D.C.C. § 47-16-39.1.**

As set forth in Paragraphs 28-34 of Plaintiffs' Complaint, Plaintiffs have pled the necessary facts to support a plausible claim that Hess Bakken has made "Late Payments" to Plaintiffs and the proposed class members without making the statutorily required prejudgment interest payments as required by N.D.C.C. § 47-16-39.1. (the "Late Payment Statute").

The North Dakota Late Payment Statute provides:

> **If the operator** under an oil and gas lease **fails to pay oil or gas royalties** to the mineral owner or the mineral owner's assignee **within one hundred fifty days after oil or gas produced under the lease is marketed** . . . or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest, **the operator thereafter shall pay interest on the unpaid royalties, without the requirement that the mineral owner** or the mineral owner's assignee request the payment of interest, **at the rate of eighteen percent per annum until paid . . .**

N.D.C.C. § 47-16-39.1 (emphasis added).

The Late Payment Statute requires operators, like Hess Bakken, to pay royalties to mineral owners within 150 days of marketing the oil and gas. When the operator fails to make payment within the 150-day timeframe, the operator automatically must calculate and pay 18 percent (18%) interest on the unpaid royalties. N.D.C.C. § 47-16-39.1. The statute expressly states there is no demand requirement or any other onus on mineral owners before they are entitled to the statutory interest. N.D.C.C. § 47-16-39.1.

Contrary to Hess Bakken's Motion to Dismiss, the Eighth Circuit has unequivocally provided that the Plaintiffs are not required to provide "specific facts" or examples where Hess Bakken failed to pay the required statutory interest. *Delker*, 21 F.4th at 1024. In the Complaint, the Plaintiffs allege that: (1) Hess Bakken made payments outside of the 150-day time frame (Doc. No. 3, ¶ 33); and (2) when Hess Bakken eventually made payment, it failed to automatically include the statutory 18 percent interest as required by the Late Payment Statute. (Doc. No. 3, ¶34). When taken as true, these facts sufficiently establish a claim for Hess Bakken's violation of the Late Payment Statute, and thus, Hess Bakken's Motion to Dismiss should be denied. *Delker*, 21 F.4th at 1024.

### 3. Plaintiffs Have Properly Alleged A Breach of Contract Claim Against Hess Bakken for Underpayment of Oil Royalties Based Upon Hess Bakken Improperly Deducting Post-Production Costs Associated with the Natural Gas Against Plaintiffs' Oil Royalties.

As set forth in Paragraphs 43-52 of Plaintiffs' Complaint, Plaintiffs have pled the necessary facts to support a plausible claim that Hess Bakken has breached Plaintiffs' oil and gas leases by offsetting the negative value associated with the Plaintiffs' natural gas royalties by deducting the post-production costs incurred by Hess Bakken related to natural gas production from the Plaintiffs' oil royalties.

As set forth in Plaintiffs' Complaint, Hess Bakken has produced both oil and natural gas from the same wells associated with the Plaintiffs' oil and gas leases. (Doc. No. 3, ¶45). However, likely due to the artificially inflated costs incurred under the affiliated, intra-company arrangements used by Hess Bakken, the post-production costs associated with processing, compressing, and transporting the natural gas produced by Hess Bakken from such wells often exceeds the value of the natural gas. (Doc. No. 3, ¶46). This results in Hess Bakken selling the natural gas produced from Plaintiffs' wells at a loss, which Hess Bakken then passes on to the

Plaintiffs through the reduction of royalties associated with oil produced. (Doc. No. 3, ¶46). Hess Bakken has breached the Plaintiffs' oil and gas leases by improperly applying the negative balance associated with the natural gas Hess Bakken has produced to the Plaintiffs' oil royalties. (Doc. No. 3, ¶47). This practice is not allowed under the Plaintiffs' oil and gas leases, or by statute, and has resulted in the Plaintiffs' suffering substantial damages. (Doc. No. 3, ¶¶48-49).

Again, under the applicable Eighth Circuit precedent, Plaintiffs in not required to allege specific facts or examples of Hess Bakken's ongoing breach of the applicable oil and gas leases. *Delker*, 21 F.4th at 1024. Rather, the above-referenced allegations, when taken as true, clearly establish that Hess Bakken's practice of deducting natural gas costs from the Plaintiffs' oil royalties constitutes a breach of the oil and gas leases, and Hess Bakken's Motion to Dismiss should be denied.

## **CONCLUSION**

In reviewing the allegations contained in Plaintiffs' Complaint liberally, as recently reiterated by the Eighth Circuit in *Warmington,* F.3d at 795, there is no question that Plaintiffs have provided Hess Bakken notice of Plaintiffs' claims and the grounds upon which each claim rests. For this reason, Hess Bakken's motion should be denied entirely.

Dated:  August 24, 2022

Respectfully Submitted,

By: /s/*Stacy A. Burrows*_____
George A. Barton, Mo. Bar No. 26249
Stacy A. Burrows, Mo. Bar No. 49199
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
Stacy@bartonburrows.com

and

VOGEL LAW FIRM

By: */s/ Joshua A. Swanson*_____
Joshua A. Swanson, ND Bar No. 06788
Robert B. Stock, ND Bar No. 05919
VOGEL LAW FIRM
218 NP Avenue
Fargo, ND 58102
(701) 237-6983
jswanson@vogellaw.com
rstock@vogellaw.com

**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS**