IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RONALD PENMAN AND ADELANTE OIL & GAS, LLC, on behalf of themselves and a Class of similarly situated royalty owners, <br><br> Plaintiffs, <br><br> v. <br><br> HESS BAKKEN INVESTMENTS II, LLC, <br><br> Defendant. | Case No. 1:22-cv-00097-DMT-CRH |

## HESS'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Hess Bakken Investments II, LLC (hereinafter "Hess") hereby answers the allegations to Plaintiffs' First Amended Class Action Complaint (the "Complaint") filed by Ronald Penman and Adelante Oil & Gas, LLC (collectively, "Plaintiffs") as follows:

1. The allegations set forth in paragraph 1 of the Complaint contain conclusions of law to which no response is necessary. By way of further response, Hess does not dispute that this Court has subject matter jurisdiction over this matter. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

2. The allegations set forth in paragraph 2 of the Complaint contain conclusions of law to which no response is necessary. By way of further response, Hess does not dispute that this Court has personal jurisdiction over Hess in this matter.

3. The allegations set forth in paragraph 3 of the Complaint contain conclusions of law to which no response is necessary. By way of further response, Hess does not dispute that venue is proper in this matter.

4.	Hess lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies such allegations.

5.	Hess lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies such allegations.

6.	Hess admits that it is a limited liability company organized under the laws of the State of Delaware. Hess denies the remaining allegations in paragraph 6 of the Complaint.

7.	Hess denies the allegations in paragraph 7 of the Complaint, except that it is admitted that this paragraph identifies the class of persons on whose behalf Plaintiffs purport to assert claims. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

8.	The allegations in paragraph 8 of the Complaint are admitted.

9.	The allegations in paragraph 9 of the Complaint are admitted.

10.	To the extent that the allegations set forth in paragraph 10 of the Complaint refer to the Adelante Lease, which is a written document, the contents of that document speak for themselves.

11.	To the extent that the allegations set forth in paragraph 11 of the Complaint refer to the Penman Lease, which is a written document, the contents of that document speak for themselves.

12.	The allegations in paragraph 12 of the Complaint are admitted.

13.	The allegations set forth in paragraph 13 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess admits that it is entitled to share post-production costs when calculating Plaintiffs' royalty or overriding royalty payments, and denies any remaining allegations in this paragraph.

14. The allegations in paragraph 14 of the Complaint are unduly vague and, to the extent that a response is required, are denied.

15. The allegations in paragraph 15 of the Complaint are denied.

16. The allegations in paragraph 16 of the Complaint are denied.

17. The allegations in paragraph 17 of the Complaint are denied.

18. The allegations in paragraph 18 of the Complaint are denied.

19. The allegations in paragraph 19 of the Complaint are denied.

20. The allegations in paragraph 20 of the Complaint are denied.

21. Hess denies the allegations in paragraph 21 of the Complaint, except that it is admitted that this paragraph identifies the class of persons on whose behalf Plaintiffs purport to assert claims. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

22. The allegations set forth in paragraph 22 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

23. The allegations set forth in paragraph 23 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

24. The allegations set forth in paragraph 24 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess

specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

25. The allegations set forth in paragraph 25 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

26. The allegations set forth in paragraph 26 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

27. The allegations set forth in paragraph 27 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

28. The allegations set forth in paragraph 28 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

29. To the extent that the allegations set forth in paragraph 29 of the Complaint quote N.D.C.C. § 47-16-39.1, the contents of that statute speak for themselves.

30. The allegations set forth in paragraph 30 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess

specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

31. The allegations set forth in paragraph 31 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess denies that it has breached any statutory obligation.

32. The allegations in paragraph 32 of the Complaint are admitted to the extent that Plaintiffs own lease royalties in the production from multiple wells operated by Hess.

33. The allegations in paragraph 33 of the Complaint are denied.

34. The allegations set forth in paragraph 34 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess denies that Plaintiffs are owed statutory interest by Hess.

35. Hess denies the allegations in paragraph 35 of the Complaint, except that it is admitted that this paragraph identifies the class of persons on whose behalf Plaintiffs purport to assert claims. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

36. The allegations set forth in paragraph 36 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

37. The allegations set forth in paragraph 37 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

38. The allegations set forth in paragraph 38 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

39. The allegations set forth in paragraph 39 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

40. The allegations set forth in paragraph 40 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

41. The allegations set forth in paragraph 41 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

42. The allegations set forth in paragraph 42 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

43. To the extent that the allegations set forth in paragraph 43 of the Complaint refer to the Adelante Lease, which is a written document, the contents of that document speak for themselves.

44. To the extent that the allegations set forth in paragraph 44 of the Complaint refer to the Penman Lease, which is a written document, the contents of that document speak for themselves.

45. The allegations in paragraph 45 of the Complaint are admitted.

46. The allegations in paragraph 46 of the Complaint are unduly vague and, to the extent that a response is required, are denied.

47. The allegations in paragraph 47 of the Complaint are denied.

48. The allegations in paragraph 48 of the Complaint are denied.

49. The allegations in paragraph 49 of the Complaint are denied.

50. The allegations in paragraph 50 of the Complaint are denied.

51. The allegations in paragraph 51 of the Complaint are denied.

52. The allegations in paragraph 52 of the Complaint are denied.

53. Hess denies the allegations in paragraph 53 of the Complaint, except that it is admitted that this paragraph identifies the class of persons on whose behalf Plaintiffs purport to assert claims. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

54. The allegations set forth in paragraph 54 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

55. The allegations set forth in paragraph 55 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess

specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

56. The allegations set forth in paragraph 56 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

57. The allegations set forth in paragraph 57 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

58. The allegations set forth in paragraph 58 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

59. The allegations set forth in paragraph 59 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

60. Hess restates its responses to the foregoing allegations.

61. Hess denies the allegations in paragraph 61 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

62. Hess denies the allegations in paragraph 62 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

63. Hess denies the allegations in paragraph 63 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

64. Hess restates its responses to the foregoing allegations.

65. Hess denies the allegations in paragraph 65 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

66. The allegations set forth in paragraph 66 of the Complaint contain conclusions of law to which no response is necessary. Hess denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

67. The allegations set forth in paragraph 67 of the Complaint contain conclusions of law to which no response is necessary. Hess denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

68. Hess restates its responses to the foregoing allegations.

69. Hess denies the allegations in paragraph 69 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

70. The allegations set forth in paragraph 70 of the Complaint contain conclusions of law to which no response is necessary. Hess denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

71. The allegations set forth in paragraph 71 of the Complaint contain conclusions of law to which no response is necessary. Hess denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

72. The allegations set forth in paragraph 72 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess denies that it has failed to timely pay royalties to Plaintiffs. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

73. The allegations set forth in paragraph 73 of the Complaint contain conclusions of law to which no response is necessary. To the extent the allegations are deemed factual, Hess denies that Plaintiffs are owed statutory interest by Hess. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

74. Hess denies the allegations in paragraph 74 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

75. Hess denies the allegations in paragraph 75 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

76. Hess restates its responses to the foregoing allegations.

77. Hess denies the allegations in paragraph 77 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

78. Hess denies the allegations in paragraph 78 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

79. Hess denies the allegations in paragraph 79 of the Complaint. Hess specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals Plaintiffs purport to represent can be properly certified as a class.

## **HESS BAKKEN INVESTMENTS II, LLC'S AFFIRMATIVE DEFENSES AND OTHER DEFENSES TO PLAINTIFFS' CLASS-ACTION COMPLAINT**

Hess asserts the following defenses in response to Plaintiffs' claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. Hess reserves its right to assert additional defenses as they become known in the course of this matter.

### **FIRST DEFENSE**

Plaintiffs and/or members of the putative class lack standing and/or their claims are not ripe because they have suffered no injury under the facts alleged.

### **SECOND DEFENSE**

Plaintiffs and/or members of the putative class lack standing because they do not hold a valid claim to the interests in question.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, to the extent they are required to be arbitrated under the terms of their lease agreements.

## FIFTH DEFENSE

The claims in the Complaint cannot be sustained as a class action.

## SIXTH DEFENSE

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrine of waiver and/or acquiescence.

## SEVENTH DEFENSE

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrine of ratification.

## EIGHTH DEFENSE

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, to the extent the damages alleged in the Complaint were caused by others.

## NINTH DEFENSE

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the defenses of settlement, payment, release, accord and satisfaction.

## TENTH DEFENSE

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, because they have asserted improper causes of action against improper parties.

**ELEVENTH DEFENSE**

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the statute of limitations.

**TWELFTH DEFENSE**

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrines of equitable estoppel and/or laches.

**THIRTEENTH DEFENSE**

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, because they lack the capacity to bring suit in the state of North Dakota.

**FOURTEENTH DEFENSE**

Plaintiffs and/or members of the putative class have failed to mitigate their damages, if any.

**FIFTEENTH DEFENSE**

Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the safe harbor provisions of N.D.C.C. § 47-16-39.1.

**WHEREFORE**, Hess requests that judgment be entered against Plaintiffs as follows: (a) that Plaintiffs' Complaint be dismissed with prejudice and judgment entered in favor of Hess; (b) that Hess recover all its costs and fees of this suit as allowed by law, including attorney's fees under N.D.C.C. § 47-16-39.1; and (c) that Hess be awarded such other and further relief as the Court deems just and proper.

Dated: April 13, 2023                    Respectfully submitted,

*/s/ Paul J. Forster*
Paul J. Forster (ND ID #07398)
Zachary R. Eiken (ND ID #07832)
CROWLEY FLECK PLLP
100 W. Broadway, Suite 250
P.O. Box 2798
Bismarck, ND 58502-2798
(701) 223-6585
(701) 222-4853
pforster@crowleyfleck.com
zeiken@crowleyfleck.com

Daniel T. Donovan, P.C.
Ragan Naresh, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
(202) 389-5200
daniel.donovan@kirkland.com
ragan.naresh@kirkland.com

14