IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Ronald Penman and<br>Adelante Oil & Gas, LLC,<br>on behalf of themselves and a class of<br>similarly situated royalty owners,<br><br>    Plaintiffs,<br><br> vs.<br><br>Hess Bakken Investments II, LLC,<br><br>    Defendant.<br>_____<br>Sandy River Resources, LLC, and<br>Sandy River Energy, LLC,<br>on behalf of themselves and classes of<br>similarly situated royalty owners,<br><br>    Plaintiffs,<br><br> vs.<br><br>Hess Bakken Investments II, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:22-cv-097<br><br><br><br><br><br><br>**ORDER OF CONSOLIDATION**<br><br><br><br><br><br>Case No. 1:22-cv-108 |

Before the Court is Plaintiffs Ronald Penman and Adelante Oil & Gas, LLC's ("Penman") motion to consolidate filed on March 27, 2023. See Doc. No. 12. The Defendant, Hess Bakken Investments II, LLC ("Hess"), filed a response to the motion on April 17, 2023. See Doc. No. 21. The Plaintiffs filed a reply on April 24, 2023. See Doc. No. 23. The Plaintiffs in case number 1:22-cv-108 (Sandy River Resources, LLC, and Sandy River Energy, LLC ("Sandy River")) filed a notice of consent to consolidation on April 19, 2023. See Doc. No. 22. For the reasons set forth below, the motions are granted.

I. **BACKGROUND**

Currently before the Court are two class actions alleging that Hess has breached its royalty payment obligations with respect to the putative class members by: (1) deducting unreasonable and excessive post-production costs from the Plaintiffs' and the putative class members' oil royalties; (2) failing to pay the mineral owners statutory interest of 18% per annum on untimely royalty payments pursuant to N.D.C.C. § 47-16-39.1; and (3) improperly deducting post-production costs related to Hess' natural gas production against the Plaintiffs' and the putative class members' oil royalties. Review of the respective complaints reveals as follows.

    A.    **The Royalty Underpayment Claims**

The Penman Plaintiffs are owners of the lessor's interest in certain oil and gas leases covering land located in North Dakota. Hess obtained the lessee's interest in the leases in or around 2010. The lands covered by the lease have produced oil and gas and Hess has paid royalties to the Plaintiffs pursuant to the leases. Plaintiffs allege that Hess has breached its contractual obligations by deducting from the sales prices of the oil various unreasonable and excessive costs related to an assortment of mid-stream services, including, but not limited to, gathering, storing, transporting the oil, administrative costs, and costs of marketing the oil for sale. Plaintiffs further contend these unreasonable and excessive post-production costs include instances where Hess itself or its affiliates provided the above-referenced services from which Hess has further profited.

The Sandy River Plaintiffs own the lessor's interest in a 2009 oil and gas lease and an interest in a 2006 overriding royalty interest. The lands subject to the lease and overriding royalty interest are located in western North Dakota. Hess holds the lessees' interest in the 2009 lease and the

obligations under the 2006 overriding royalty interest. . The Sandy River Plaintiffs' allege that North Dakota law and the lease and overriding royalty interest at issue obligate Hess to pay royalties on the gross sales prices received on oil and gas sales, subject to the deduction of reasonable post-production costs. The Sandy River Plaintiffs further allege that Hess has deducted unreasonable amounts for post-production costs. The Sandy River Plaintiffs further allege that Hess' use of its wholly owned midstream subsidiary has further resulted in Hess' improper deduction of excessive post-production costs from their oil royalties.

### B.      Failure to Pay Statutory Interest on Late Payments Claims

The Penman Plaintiffs allege that Hess has consistently failed to pay royalties to Plaintiffs and the putative class members within 150 days after the oil or gas is produced and marketed as required under N.D.C.C. § 47-16-39.1. The Penman Plaintiffs further contend Hess has not paid 18% interest on those late payments despite being required to do so under North Dakota law.

The Sandy River Plaintiffs have made the same claim for late payment interest under N.D.C.C. § 47-16-39.1. Originally, in Sandy River Plaintiffs made similar allegations in their complaint with respect to the overriding royalty interests. However, the Court granted Hess' motion to dismiss this claim as it pertains to overriding royalty interests. See Doc. No. 15. The Sandy River Plaintiffs' statutory interest claims are now nearly identical to the those pending in the Penman case.

### C.      Claims for Improper Deduction of Negative Gas Royalties

The Penman Plaintiffs allege that Hess has produced both natural gas and oil from wells drilled subject to their leases since Hess acquired its interests in those leases. They contend that in

its calculation and payment of royalties on oil, Hess has improperly deducted post-production costs associated with Hess' natural gas production resulting in Hess' improper deduction of a negative gas royalty from Plaintiffs' oil royalties.

The Sandy River Plaintiffs have relied on the same negative gas royalty allegations and made the same claims for breach of contract against Hess. The Sandy River Plaintiffs contend Hess, in its calculation and payment of gas royalties subjected the gas royalty to a variety of costs and post-production costs which resulted in a total negative value, thereby reducing the Sandy River Plaintiffs' royalties.

## II.   **LEGAL DISCUSSION**

Penman seeks to consolidate this case with the *Sandy River* case for all purposes because the two class actions involve common questions of law and fact and the same Defendant, Hess. Both cases allege: (1) deduction of unreasonable and excessive post-production costs in the calculation and payment of its oil royalties; (2) untimely payment of royalties and failure to pay statutory interest consistent with N.D.C.C. § 47-16-39.1 on those untimely royalty payments; and (3) improper deduction of the post-production costs associated with Hess' natural gas production in the calculation and payment of oil royalties. Sandy Rives consents to consolidation. Hess does not oppose consolidation, but asks that consolidation be limited to fact discovery and then be revisited.

Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact pending before the Court. Rule 42 provides in part as follows:

> **(a) Consolidation**. If actions before the court involve a common question of law or fact, the court may:

    **(1)** join for hearing or trial any or all matters at issue in the actions;

    **(2)** consolidate the actions; or

    **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  The decision to consolidate cases is left to the broad discretion of the district court and will only be overturned for abuse of that discretion.  <u>Enterprise Bank v. Saettele</u>, 21 F.3d 233, 235 (8th Cir.1994); <u>United States E.P.A. v. City of Green Forest, Ark.</u>, 921 F.2d 1394, 1402 (8th Cir. 1990); <u>Seguro de Servicio de Salud v. McAuto Sys. Group</u>, 878 F.2d 5, 8 (1st Cir.1989) ( noting the threshold issue is whether the two cases involve a common party <u>and</u> common questions of fact or law.); <u>Frazier v. Garrison I.S.D.</u>, 980 F.2d 1514, 1531 (5th Cir.1993) ("[A] trial court may consolidate multiple actions if the actions involve common questions of law or fact."); <u>Watson v. Portfolio Recovery Assocs., LLC.</u>, No. 1:12-CV-035, 2012 WL 12897121 *2 (D.N.D. June 11, 2012) (finding consolidation pursuant to Rule 42 was appropriate given the actions involved common questions of law and fact and the same parties and claims).

  In this case, the claims in both cases are nearly identical and are made against the same defendant.  Defendant Hess is represented by the same counsel in both cases.  Both cases are in their early stages having been filed around the same time and both cases are now assigned to the undersigned.[1]  Having reviewed the parties respective complaints, the Court finds that common questions of law and fact exist so as to warrant consolidation.  Further, consolidation of the actions would provide for the best use of judicial resources.  Consolidation will also conserve the resources of the parties and facilitate settlement.

---

[1]The *Penman* case was reassigned to the undersigned on October 25, 2023.  <u>See</u> Doc. No. 25.

Hess' concerns with prejudice are unfounded. Hess stands to benefit as much as anyone from consolidation and will likely incur far less in attorneys fees in doing so. The Court sees no need to designate lead counsel. The Federal Rules of Civil Procedure will govern the discovery process and prevent any inefficiency or prejudice. The Court is willing to revisit the issue of consolidated versus bifurcated trials after the dispositive motions deadline has passed and the Court has ruled on any dispositive motions.

### III.  CONCLUSION

The Court has carefully reviewed the entire record and concludes consolidation is appropriate. Accordingly, the motion for consolidation (Doc. No. 12) is **GRANTED**. The Court further **ORDERS** as follows:

1. Case No. 1:22-cv-1097 and Case No. 1:22-cv-108 shall in all respects be **CONSOLIDATED**;

2. Case No. 1:22-cv-097 is designated as the lead case;

3. All future filings shall only be filed in the lead case (Case No. 1:22-cv-097); and

4. The caption of all future filings shall include the lead case (Case No.1:22-cv-097), and may also reference Case No. 1:22-cv-108.

**IT IS SO ORDERED.**

Dated this 6th day of December, 2023.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court