IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| **RONALD PENMAN AND** | ) | |
| **ADELANTE OIL & GAS, LLC** | ) | |
| on behalf of themselves and a Class | ) | |
| of similarly situated royalty owners, | ) | |
| | ) | Case No.: 1:22-cv-00097 |
| Plaintiffs, | ) | (Lead Case) |
| | ) | |
| vs. | ) | |
| | ) | |
| **HESS BAKKEN INVESTMENTS** | ) | |
| **II, LLC** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| **SANDY RIVER RESOURCES, LLC and** | ) | |
| **SANDY RIVER ENERGY, LLC** | ) | |
| River Energy, LLC on behalf of | ) | |
| themselves and classes of similarly | ) | |
| situated royalty owners, | ) | Case No.: 1:22-cv-108 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **HESS BAKKEN INVESTMENTS,** | ) | |
| **II, LLC** | ) | |

### ELECTRONICALLY STORED INFORMATION PROTOCOL

***Definitions and Scope.*** The following protocol shall control the production of discoverable documents and electronically stored information (collectively, "Documents"). As used in this protocol, the term "Document(s)" shall have the same meaning as used in the Federal Rules of Civil Procedure. The term "Receiving Party" shall mean the party receiving production of

Documents in response to any request for production of document(s) pursuant to Fed. R. Civ. P. 34 or pursuant to initial production of documents identified in the party's Rule 26(a) disclosures. "Producing Party" shall mean the party producing Documents in response to any request for production of documents pursuant to Rule 34 or pursuant to initial production of documents identified in the party's Rule 26(a) disclosures.

Responsive data and documents stored electronically and scanned paper documents should be produced in an electronic format, by secure file transfer, on an optical disc, or on an electronic storage device such as a hard drive, as follows:

***Images.*** Documents, including but not limited to emails, should be produced as Group IV single page TIFF format files, imaged at a minimum of 300 dpi. Each TIFF file should be named with a unique file name matching the Bates number labeled on the corresponding page. The TIFF files should be grouped into folders; there should not be a separate folder created for each document.

***Image Load Files.*** Documents should be accompanied by ".opt" and ".dat" image load files (Opticon cross reference file and Concordance load file). The ".dat" file should contain all metadata fields agreed to produce. (*See* **Document Metadata** section below.)

***Document Text.*** For scanned paper documents or documents originally stored as images, please provide OCR text. For documents stored as native electronic files produced without redactions, the extracted text from each document should be provided. For documents that were originally stored as native electronic files and that have redactions, OCR text from the redacted images associated with each document should be provided.

Any redacted, privileged material will be clearly labeled to show the redactions on the TIFF image. For any OCR text or extracted text, the text should be provided in a separate ".txt" file named with the beginning Bates number of the document.

*Special File Types.* Files that do not lend themselves to TIFF file format (e.g., Excel or other spreadsheet programs, Microsoft Access databases, and .mp3, .mp4, .wav or other audio and visual files) may be produced in native format and named with a unique file name matching the Bates number of the corresponding slip-sheet that will be included as a placeholder in the imaged TIFF format files (e.g., "ABC00001.xls"). The slip-sheet placeholder in the imaged TIFF format files should indicate that the document is being provided in native format (e.g., "Produced in Native Format").

To the extent a responsive, non-privileged document contains visible comments or tracked changes, the produced version of the document shall show such comments or tracked changes.

*Royalty Accounting Data.* To the extent responsive to a discovery request, the parties shall produce all Royalty Accounting Data in source and/or native, Excel Format, including unlocked cells, and metadata, which is accessible from a personal computer.

*Document Metadata.* Non-privileged extracted metadata for each document should be provided, where available, in the form of a Concordance delimited ".dat" file and include fields identified below. No party is obligated to create metadata that does not exist.

| FIELD | DESCRIPTION |
|---|---|
| **PROD BEG ATTACH** | The bates label of the first page of a family of documents (e.g., email and attachment) |
| **PROD BEG BATES** | The bates label of the first page of the document. |
| **PROD END ATTACH** | The bates label of the last page of a family of documents. |
| **PROD END BATES** | The bates label of the last page of the document. |
| **TITLE OR SUBJECT** | The saved title of the document |
| **DATE CREATED** | The date the document was created |
| **LAST DATE MODIFIED** | The date the document was last modified |

3

| FIELD | DESCRIPTION |
|---|---|
| **FOR EMAIL: SENT FROM, TO, CC, BCC, OR RECIPIENTS** | |
| **CUSTODIAN** | Identification of appropriate individual or department that can provide foundational testimony regarding the authenticity of the document in accordance with any applicable rules of civil procedure |
| **DUPLICATE CUSTODIAN** | Names of custodians of de-duplicated documents. Combined with custodian value to have all custodians who possessed a particular document). |
| **DOCUMENT TYPE OR FILE EXTENSION** | |
| **CONFIDENTIALITY** | The confidentiality designation pursuant to the Protective Order. |
| **HASH VALUE** | Unique electronic signature of email or electronic file used for deduplication. |
| **PRODUCTION VOLUME** | Name of the Production Volume in which the document was produced. |

*Data for Paper Documents.* The Producing Party shall produce the information described below with each production and in the format described above. For images generated from paper documents, a Producing Party shall produce with each production the following fields, where available:

a. Starting Bates (beginning Bates number);
b. Ending Bates (ending Bates number); and
c. Custodian (if applicable).

There is no obligation to create metadata that does not exist, nor is there a requirement to produce metadata that reveals attorney-client privilege or attorney work product. For hard copy sourced documents, the parties are obliged to provide custodian and location information to note the source of the material.

*Technology Assisted Review.* Any Producing Party that intends to use Technology Assisted Review ("TAR") to (a) determine the relevance or non-relevance of documents for production purposes, and/or (b) cull a set of documents that will thereafter be reviewed by humans

to determine relevance or non-relevance for production purposes, shall disclose such intent to use TAR to the Receiving Party in advance of its use. If search terms are used to cull documents before TAR, the Producing Party shall disclose that it used search terms prior to application of TAR.

*Date Restrictions.* The Parties will meet and confer to determine the reasonable date range from which each Party is expected to have relevant and responsive ESI. Each Party may limit its collection and/or review of potentially relevant email ESI to the agreed date range for such Party, unless an earlier or later date is expressly specified in a request for production. Nothing herein shall prevent the Parties from objecting to a request for production on the basis that documents outside the agreed upon relevant time period should not be subject to discovery. To the extent the Parties are unable to agree upon a reasonable date range for each Party, the Parties may seek guidance from the Court.

*Production Media.* A Producing Party shall produce Documents via a secure or encrypted filesharing link, an encrypted readily accessible electronic media (i.e., an encrypted hard drive), or if neither of these methods are viable, any other alternate method of transmission that provides similar security for the data and documents included in the production(s) that the Parties have agreed to use. The produced documents shall be password protected and/or encrypted and the Producing Party shall provide the password(s) necessary to access the produced documents under separate cover. If the Production Media is produced in physical form, the information that shall be identified on the face of the Production Media shall include: (1) the production date, and (2) the confidentiality notation required by the Protective Order to be entered in this case, if the media contains information designated under that Protective Order. The face of the Production Media shall also contain the Bates Number range(s) of the Documents on the Production Media, which, if not practicable to do so, may be provided in an accompanying letter. If the Production Media is

produced via SFTP, or similar electronic file sharing platforms, the date the email with the link is transmitted to the Receiving Party shall be considered the production date, and the media produced shall be Bates Numbered and stamped with the confidentiality notation required by the Protective Order entered in this case, as applicable. To the extent required, the Producing Party shall include with the production an explanation of how to decrypt the files.

**_Document Unitization._** When scanning paper documents into Document Images, the producing party should maintain logical unitization. For electronic documents, the relationship of documents in a document collection (*e.g.*, cover letter and enclosures, e-mail and attachments, or other documents where a parent-child relationship exists between the documents) shall be maintained through the conversion process from native format to PDF, provided however, that the Parties shall only be required to present one level of parent-child relationship. Document Images generated from attachments to e-mails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent e-mail.

**_Paper Documents Containing Fixed Notes._** Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done in a manner so as not to obstruct other content of the document. If the content of the Document is obscured by the affixed notes, the Document and note shall be scanned separately, with the notes produced on a separate page directly following the page on which the notes were affixed.

**_Duplicates._** Except as provided for above, a Producing Party need not produce the same electronically stored information in more than one format. The Producing Party may de-duplicate its production at the family level globally across the entire production. Furthermore, the parties are not required to produce multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be identified from

Document(s) or their related metadata to be produced pursuant to this Protocol. Where a subsequent electronic mail message contains all portions of an earlier message in the same e-mail thread produced pursuant to this Protocol, it is not necessary for a Producing Party to produce the earlier message in addition to the subsequent inclusive message. If the subsequent inclusive message does not include an attachment to an earlier message, both the earlier message and the attachment must also be produced pursuant to this Protocol, in addition to the subsequent inclusive message.

*Databases.* The Parties agree that to the extent that potentially relevant and proportional data is contained in databases, or other sources of structured data, they will meet and confer regarding how best to identify and produce information from those sources. If it is determined after meeting and conferring that any such discoverable data can be produced in an already existing and reasonably available report, then the Producing Party may produce the data in that report format. Upon review of the reports, the Receiving Party may make reasonable requests for production of additional information to explain the database scheme, codes, abbreviations, available fields, and different report formats or to request specific data from identified fields. If the existing reports do not reasonably provide the requested information, the Parties agree to meet and confer to agree upon an acceptable format for production.

*System Files.* Common system and program files need not be processed, reviewed or produced.

*Privilege Logs.* The Producing Parties will produce privilege logs in searchable PDF or a similar electronic format that allows text searching. In the event a Producing Party believes a categorical privilege log may be appropriate, the parties will discuss the issue in good faith in an effort to resolve any objection to such categorical privilege log. The Parties will confer on the

timing for the exchange of privilege logs and may modify the deadlines for production of privilege logs by agreement. Each Party's respective privilege log shall comply with the requirements set forth in Rule 26(b)(5). The following categories of documents do not need to be contained on a Producing Party's privilege log, unless good cause exists to require that a Party do so:

1. Information generated outside the agreed-upon relevant time period. This provision does not apply to non-Parties to the Litigation.

2. Any communications, work product, or other privileged materials exclusively between a Producing Party and its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts in connection with specific litigation, or, with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

Redacted documents need not be logged as long as: (a) for emails, the objective metadata (i.e., to, from, cc, bcc, recipients, date, and time, unless the privilege or protection is contained in these fields) is not redacted, and the reason for the redaction, including the nature of the privilege asserted, is noted or otherwise ascertainable on the face of the document (for redacted documents where the subject matter is not decipherable as a result of redactions, a description of the contents of the document that is sufficient to understand the subject matter of the document may be requested); and (b) for non-email documents, the reason for the redaction is noted or otherwise ascertainable on the face of the document in the redacted area.

In accordance with this Paragraph, the Producing Party will undertake reasonable efforts to make limited, line-by-line redactions of privileged or work product information. After receipt of the production, if the Receiving Party cannot discern the basis for the privilege redaction, it may request in good faith that the Producing Party create a privilege log for specific redacted documents. The Producing Party shall identify the redacted documents on such log by their Bates numbers. Electronic documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file.

***Production of Documents.*** A written response to a request for the production of documents shall be due on the date required by Fed. R. Civ. P. 34 (b)(2)(a) unless the parties modify that date by mutual agreement, and any documents the responding party has not objected to producing in its written response shall be produced on a rolling basis thereafter. Nothing in this protocol shall be construed to affect or supersede the provisions of Fed. R. Civ. P. 34 (b)(2)(E)(i).

***Discovery and Admissibility.*** Nothing herein shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

**Approved by:**

Dated: February 2, 2024

BARTON AND BURROWS, LLC

*/s/ Stacy A. Burrows*
Stacy A. Burrows, admitted pro hac vice
George A. Barton, admitted pro hac vice
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6253
stacy@bartonburrows.com
george@bartonburrows.com

HORN AYLWARD & BANDY, LLC

*/s/ Joseph A. Kronawitter*
Joseph A. Kronawitter, admitted pro hac vice
Taylor P. Foye, admitted pro hac vice
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Ste. 1100
Kansas City, Missouri 64108
(816) 421-0700
jkronawitter@hab-law.com
tfoye@hab-law.com

VOGEL LAW FIRM

/s/ *Joshua A. Swanson*
Joshua A. Swanson, ND Bar No. 06788
R.J. Pathroff, ND Bar No. 07759
218 NP Avenue
Fargo, ND 58102
(701) 237-6983
jswanson@vogellaw.com
rpathroff@vogellaw.com

*Attorney for Plaintiff(s)*

Dated: February 2, 2024

CROWLEY FLECK PLLP

/s/ *Paul J. Forster*
Paul J. Forster (ND ID #07398)
Zachary R. Eiken (ND ID #07832)
100 W. Broadway, Suite 250
P.O. Box 2798
Bismarck, ND 58502-2798
(701) 224-7546
(701) 222-4853
pforster@crowleyfleck.com
zeiken@crowleyfleck.com

KIRKLAND & ELLIS LLP

/s/ *Ragan Naresh*
Daniel T. Donovan
Ragan Naresh
K. Ross Powell
Gabi Durling
1300 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
daniel.donovan@kirkland.com
ragan.naresh@kirkland.com
ross.powell@kirkland.com
gabi.durling@kirkland.com

*Attorneys for Defendant*

**IT IS SO ORDERED.**

                                            */s/ Clare R. Hochhalter*

                                         Honorable Clare R. Hochhalter
                                         United States Magistrate Judge

Dated: February 2, 2024