IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Ronald Penman and Adelante Oil & Gas, LLC, on behalf of themselves and a Class of similarly situated royalty owners, | ) ) ) ) ) | **ORDER DENYING MOTION TO COMPEL** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Hess Bakken Investments II, LLC, | ) ) | |
| Defendant. | ) ) | Case No. 1:22-cv-00097 |
| Sandy River Resources, LLC and Sandy River Energy, LLC, on behalf of themselves and classes similarly situated royalty owners, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-00108 |
| v. | ) ) | |
| Hess Bakken Investments II, LLC, | ) ) | |
| Defendant. | ) ) | |

On August 9, 2024, Plaintiffs Ronald Penman, Adelante Oil & Gas, LLC, Sandy River Resources, LLC, and Sandy River Energy, LLC ("Plaintiffs"), filed a *Motion to Compel*. (Doc. No. 60). On August 23, 2024, Defendant Hess Bakken Investments II, LLC ("Defendant") filed a response in opposition to Plaintiffs' motion. (Doc. No. 62). Plaintiffs filed a reply on August 28, 2024. (Doc. No. 63). On September 13, 2024, Defendant filed a sur-reply. (Doc. No. 66). Plaintiffs filed a response to Defendant's sur-reply on September 20, 2024. (Doc. No. 68). On October 28, 2024, Defendant filed a notice regarding the motion to compel. (Doc. No. 72). Plaintiffs filed a

brief in response to Defendant's notice on October 29, 2024. (Doc. No. 73). For the reasons set for below, Plaintiffs' motion to compel is denied.

**I.     BACKGROUND**

The following are facts taken from the parties' motions, pleadings, and supporting documents. The facts are presumed true for the purposes of this order.

On June 10, 2022, Plaintiffs Ronald Penman and Adelante Oil & Gas, LLC, brought an action on behalf of themselves and a class of similarly situated royalty owners against Defendant Hess Bakken Investments II, LLC. (Doc. No. 1). Defendant filed a motion to dismiss on August 4, 2022. The court denied the motion on March 23, 2023. (Doc. No. 11).

On June 28, 2022, Plaintiffs Sandy River Resources, LLC, and Sandy River Energy, LLC, brought action on behalf of themselves and a class of similarly situated royalty owners against Defendant Hess Bakken Investments II, LLC. (Case No. 1:22-cv-108, Doc. No. 1). Defendant filed a motion to dismiss on September 6, 2022. (Case No. 1:22-cv-108, Doc. No. 11). The court granted in part and denied in part Defendant's motion on February 7, 2023. (Case No. 1:22-cv-108, Doc. No. 15).

On December 6, 2023, the court granted a motion to consolidate the cases. (Doc. No. 26). The Plaintiffs allege the following:

> (1) in Defendant's oil royalty calculations Defendant has impermissibly included both non-post-production costs as well as post-production costs which are excessive and unreasonable under North Dakota law; (2) in making monthly royalty payments to the Plaintiffs and the proposed Class Members, Defendant has routinely applied negative gas royalties to the royalty owners' positive oil royalties, which is inconsistent with North Dakota law; and (3) Defendant has routinely failed to comply with N.D.C.C. § 47-16-39.1 when refusing to calculate and pay the Plaintiffs and the similarly situated Class members interest on untimely royalty payments.

(Doc. No. 60 at 2).

On March 28, 2024, Defendant filed a motion to strike statutory interest class allegations. (Doc. No. 38). On August 13, 2024, the court granted Defendant's motion to strike statutory interest class allegations. (Doc. No. 61).

On August 9, 2024, Plaintiffs filed a motion to compel. (Doc. No. 60). Plaintiffs request the court order Defendant to produce electronically stored oil and gas royalty accounting data.

## II.   LEGAL STANDARD

Federal Rules of Civil Procedure 37 governs motions to compel discovery. Rule 37 requires the party making the motion include certification it has in good faith conferred, or attempted to confer, with the party failing to disclose discovery. FED. R. CIV. P. 37(a). The party seeking discovery may move for an order compelling answer, designation, production, or inspection if a party fails to produce documents. FED. R. CIV. P. 37(a)(3)(B)(iv).

Federal Rules of Civil Procedure 26(b)(1) defines the scope of discovery. Rule 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "The scope of discovery under Rule 26(b) is extremely broad." *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 2007, 3637 (1970)). "Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery." *Linseth v. Sustayta*, No. 1:21-CV-173, 2022 WL 16744347, *2 (D.N.D. Nov. 7, 2022) (quoting *Colonial Funding Network, Inc. v. Genuine Builders, Inc.*, 326 F.R.D. 206, 211 (D.S.D. 2018)). Information is considered discoverable when relevant to a party's claim or defense and is

3

proportional to the needs of the case. FED. R. CIV. P. 26 advisory committee's note to 2015 amendment. "After the proponent makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Linseth*, 2022 WL 16744347, at *2; *see Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014)). "The party must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Jo Ann Howard & Assocs., P.C.*, 303 F.R.D. at 542 (quoting *Burke v. New York City Police Dep't*. 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

### III. DISCUSSION

Plaintiffs request the court order Defendant to produce electronically stored oil and gas royalty accounting data. Specifically, Plaintiffs allege Defendant has not produced "(1) the oil royalty accounting data for the entire time period relevant to this lawsuit; (2) any gas royalty accounting data which is directly relevant to Plaintiffs' negative gas royalty claim; (3) any royalty accounting data related to the Plaintiffs' statutory late payment claim…; or (4) any oil or gas royalty accounting data related to overriding royalty agreements at issue." (Doc. No. 60 at 4-5). Plaintiffs note that Defendants have produced the oil royalty accounting data. (*Id.* at 4).

On October 28, 2024, Defendant filed a Notice Regarding Plaintiffs' Motion to Compel. (Doc. No. 72). Within the document, Defendant asserts Plaintiffs' motion to compel is moot and should be denied in full. Defendant notes "(i), the oil royalty accounting data was already being produced; for (ii), the classwide payment date data Plaintiffs sought was no longer relevant because Judge Hovland struck Plaintiffs' statutory interest subclass; and for (iv), the parties had already

4

discussed the overriding royalty agreement data Plaintiffs sought and Hess agreed to produce it." (Doc. No. 72 at 1-2). Defendant also noted that with respect to (iii), the gas royalty data, while Defendant alleges Plaintiffs' motion was substantively and procedurally improper, it had already produced a significant amount of the royalty data and would produce the remainder within nine weeks of filing its opposition brief. In response, Plaintiffs request the court grant the motion to compel and enter an order pertaining to fees and expenses under Rule 37(a)(5)(A). (Doc. No. 73 at 2). Plaintiffs argues Defendant wrongly and unilaterally claims the motion to compel is moot, asserting Defendant completed production of royalty accounting data after the motion was filed, and Defendant cannot moot a motion to compel by answering discovery after and because of the motion.

The court interprets Defendant's notice and Plaintiffs' response to the notice as an acknowledgement Defendant has produced or is in the process of producing the data Plaintiffs seek. However, Plaintiffs take issue with the timeliness of discovery production and the request for fees and expenses.

As an initial matter, Defendant notified the court at the time of the discovery dispute status conference on August 1, 2024, that oil royalty data had been produced and it was in the process of compiling the remaining oil royalty data for production to Plaintiffs by mid-August. Defendant produced that data on August 20, 2024. (Doc. No. 62 at 2). Defendant also informed the court at the time of the hearing that its system did not have the capability of compiling both the oil and gas data simultaneously, rather the system could only compile one set of data and then the other. The court similarly takes note that Defendant's motion to strike Plaintiffs' statutory class allegations was granted on the basis the proposed subclass included members who lack standing and does not satisfy Rule 23 as a matter of law. (Doc. No. 61 at 7). As such, Defendant now argues the classwide

payment date data is no longer relevant. However, though purportedly irrelevant, Defendant alleges it already produced data which included information on when payments were made. (*See* Doc. No. 66 at 6). Defendant also contends it previously produced the overriding royalty data during its August 20, 2024, production. (*Id.*).

As it seems there is no longer a dispute as to whether Defendant is producing and/or will produce the requested discovery,[1] the court now turns to Plaintiffs' argument on the issue of timeliness and request for reasonable expenses.

Plaintiffs argue the motion to compel cannot be deemed moot because Defendant completed production of the data after the filing of the motion, emphasizing Defendant answered discovery, "*after and because of the filing of* Plaintiffs' Motion to Compel." (Doc. No. 73 at 2) (emphasis in original). It is apparent that Defendant was in the process of producing data to Plaintiffs before the filing of the motion to compel, however, the court is not satisfied with Defendant's reasoning for not producing the payment date data. It appears Defendant's argument for not producing the data was because it was waiting for the court to rule on its Motion to Strike Statutory Interest Class Allegations. Notably, the parties' correspondence states:

> Neither [the negative gas class or late payment claim] justifies the burden of this production at this time. Hess has moved to strike the statutory interest class and the Court has previously struck identical classes twice before. This proposed class does not justify the burden of this discovery. Nor does the negative gas class.

(Doc. No. 63-3 at 1-2). However, Defendant did agree to produce the gas royalty data in the same correspondence. A party does not have liberty to cherry pick the circumstances under which discovery is warranted. While Rule 26(c) sets limits on the scope of discovery, it does not allow for nondisclosure because a party is waiting for the court's ruling. Rather, the data should have

---

[1] Plaintiffs themselves state "[t]he real issue is not whether Plaintiffs are entitled to the information that Defendant is now producing, but whether Defendant should be sanctioned for the unreasonable delay in producing responsive materials." (Doc. No. 68 at 3).

been produced, as "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Meaning, even though Defendant did not believe the burden of production was justified, it was still required under the rule.

Turning to Plaintiffs' request for reasonable expenses under Federal Rules of Civil Procedure 37, the court is not inclined to grant Plaintiffs' request. Rule 37(a)(5) dictates the payment of expenses pertaining to a motion to compel. Notably, Rule 37(a)(5)(A) provides that if the motion is granted, *or discovery is provided after the motion's filing*, the court must require the party whose conduct necessitated the motion pay reasonable expenses, including attorney's fees, to the movant. FED. R. CIV. P. 37(a)(5)(A) (emphasis added). However, payment is not required if: (i) the movant filed the motion prior to attempting in good faith to obtain discovery without court interference; (ii) nondisclosure, response, or objection by the opposing party was justified; or (iii) other circumstances make awarding reasonable expenses and attorney's fees unjust. FED R. CIV. P. 37(a)(5)(A)(i)-(iii). In a situation where a motion to compel is denied, the court must require the party moving for the motion to pay the opposing party reasonable expenses. FED. R. CIV. P. 37(a)(5)(B) Payment need not be awarded if the motion is substantially justified, or an award of expenses is unjust. FED. R. CIV. P. 37(a)(5)(B).

While Plaintiffs argue they are entitled to reasonable expenses incurred in making their motion, the court is not inclined to agree. The court is of the mind that under Rule 37(a)(5)(B) there are circumstances that make the awarding of reasonable expenses and attorney's fees unjust. This is a situation in which the parties are evidently unable to work with one another, as noted through the parties' correspondence and inability to effectively resolve their discovery dispute. The court is also cognizant of the fact that although Plaintiffs assert in their motion that Defendant has not produced electronically stored data, Defendant had produced and was in the process of

7

producing data at the time of the discovery dispute status conference, which was prior to the filing of Plaintiffs' motion. Accordingly, the court is not inclined to grant an award of fees and costs.

## IV.     CONCLUSION

For the reasons articulated above, Plaintiffs' *Motion to Compel* (Doc. No. 60) is **DENIED**. To the extent Defendant has not completed production of the requested data, Defendant shall complete production and disclose the material to Plaintiffs as soon as practicable.

**IT IS SO ORDERED.**

Dated this 11th day of December, 2024.

>  */s/ Clare R. Hochhalter*
>  Clare R. Hochhalter, Magistrate Judge
>  United States District Court