IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| RONALD PENMAN AND ADELANTE OIL & GAS, LLC on behalf of themselves and a Class of similarly situated royalty owners, | ) ) ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| HESS BAKKEN INVESTMENTS II, LLC, | ) ) ) | Case No. 1:22-cv-097 |
| Defendant. | ) ) | |
| SANDY RIVER RESOURCES, LLC, and SANDY RIVER ENERGY, LLC, individually and on behalf of those similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:22-cv-108 |
| v. | ) ) | |
| HESS BAKKEN INVESTMENTS II, LLC, | ) ) ) | |
| Defendant. | ) ) | |

    The parties are required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to resolve all differences regarding discovery without court action or intervention. Following such an effort, should they be unable to resolve their differences, they are required to schedule a telephonic conference with the undersigned in an effort to try to resolve the discovery dispute prior to filing any discovery motions.

1

On September 24, 2025, the undersigned convened a Rule 37.1 conference with the parties to address a discovery dispute they had been unable resolve amongst themselves despite their best efforts. The matters in dispute are: (1) Defendant's refusal to produce the expert reports, deposition transcripts, midstream agreements from the *Vitesse Energy, LLC and Vitesse Oil, LLC v. Hess Corporation, et al.*, No. 51-2020-CV- 01680 (N.D. Dist. Ct. Ward Cnty., July 27, 2021) litigation ("*Vitesse* Litigation"); (2) the terms used by Defendant when searching for documentation regarding negative gas royalties and its COBRA Project; (3) Defendant's refusal to produce its own oil comparison analysis; and (4) the timing of Defendant's production or lack thereof.

Plaintiffs assert that the *Vitesse* Litigation documents are relevant and otherwise discoverable under Fed. R. Civ. P. 26 as they involve the same legal and factual issues as those in the instant case–the propriety of Defendant's deduction of post production costs related to its oil and gas production in North Dakota. Next, Plaintiffs assert that, in response to their request for all documents and correspondence regarding Defendant's COBRA Project, Defendant conducted a limited search of electronically stored information using terms it had unilaterally chosen and have since declined to rerun the search using terms Plaintiffs have suggested. They further assert that Defendant has yet to produce documentation regarding its oil comparisons and otherwise been dilatory when responding th Plaintiffs' production requests.

Defendant, however, maintains that it has been diligent in its efforts to complete discovery by the September 30, 2025, that its team of thirty reviewers have expended thousands of hours over the past two and a half years collecting searching for, reviewing, and collecting documents responsive to Plaintiffs' discovery requests that Plaintiffs have failed to comply with its discovery requests, and that, prior to conference, they parties did not meet and confer to address all of

2

discovery issues as required by Rule 37.1    Specifically, regarding the production of its oil differential analysis, it avers that it agreed to search for and produce all non-privileged documentation.  Regarding the Project COBRA search terms, it asserts, inter alia, that the information sought by Plaintiffs is irrelevant, that Plaintiffs proposed search terms are overbroad, and that running additional searches using these proposed terms is not likely to result in identification of additional responsive documents.  Finally, it asserts that the requested documentation from the *Vitesse* Litigation are irrelevant and that the production of this documentation is otherwise barred by a protective order issued by the state court.

To expedite matters and in so doing conserve judicial resources, the court will dispense with the further briefing by the parties and will instead rely on the existing record as well as the position statements correspondence submitted by the parties prior to and immediately following Rule 37.1 conference.  Copies of these position statements, the exhibits attached to them, and correspondence shall be attached to this order as exhibits.

As discussed at the Rule 37.1 conference , the court does not find Defendant's objections to Plaintiffs discovery on the grounds of relevance persuasive.  Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. Pro. 26(b)(1).  "The scope of discovery under Rule 26(b) is extremely broad." *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur

R. Miller, Federal Practice & Procedure §§ 2007, 3637 (1970)). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted); *Klein v. Affiliated Grp., Inc.*, No. 18-CV-949 DWF/ECW, 2019 WL 1307884, at *2 (D. Minn. Mar. 22, 2019).

The court likewise finds unpersuasive Defendant's assertions that it cannot order the production in this case of documents subject to a protective order issued by the state court in the *Vitesse* litigation. The state court's protective order in the *Vitesse* Litigation provides the following in relevant part.

> **4.     Use of Classified Information**
>
> All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.
>
> \* \* \*
>
> **7.     Disclosure to Qualified Persons**
>
> a. To Whom. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons *except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction*; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) so that the producing party can seek a protective order or confidential treatment of such information if deemed necessary. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).
>
> **10.     Consent to Disclosure and Use in Examination**
>
> Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or *if the court, after notice to all affected parties and nonparties, orders*

*such disclosure.* Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any employee of the designating party, any independent expert, or any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information. However, no party shall use another party's For Counsel Only information during an examination of its own witness without the designating party's prior consent, or prior court approval.

(Exhibit H to Defendant's Position Statement).

It would appear at first blush that, under the terms of the protective order, the court can direct the production of information designated as Classified by the parties in the *Vitesse* Litigation. Put another way, it does not appear the protective order places absolute limits on this court's ability manage discovery in this case as it contemplates that a court of competent jurisdiction can order the disclosure of materials designated as classified.[1]  This court has jurisdiction over the parties in this action.  Based on the letter submitted to the court following the status conference it would appear that all of the affected parties have received notice that this court is inclined to order the production of the requested documents.

Accordingly, it is **ORDERED**:

1. *Vitesse* Litigation (RFPs 30–31): Defendant shall produce requested expert reports and deposition transcripts from *Vitesse Energy, LLC v. Hess Corp.,* No.

---

[1] While it would not permit a party to flout a state court protective order simply because documents in a state action might prove useful in a separate federal action, this court is not bound to follow or enforce such an order. *See e.g., Lower Town Project, LLC v. Laws. Title Ins. Corp.*, No. 10-11615, 2012 WL 666574, at *5 (E.D. Mich. Feb. 29, 2012) (acknowledging that in some instances the existence of a state-court protective order may provide "good cause" for limited discovery); *cf. Caudill Seed & Warehouse Co. Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-H, 2013 WL 3872229, at *2 (W.D. Ky. July 24, 2013) (opining that a federal court is not bound to follow or enforce a state-court protective order); *A.B. v. Wal-Mart Stores, Inc.*, No. 1:14-CV-00422-RLY, 2015 WL 1526671, at *3 (S.D. Ind. Apr. 3, 2015) (declining to give binding effect to a state-court protective order).

       51-2020-CV-01680 (N.D. Dist. Ct. Ward Cnty.) That are subject to the state-court protective order within 10 day of this order.

2. COBRA Project (RFP 42): Defendant shall search all relevant custodians listed by Plaintiffs using "COBRA" (any capitalization) and produce responsive, non-privileged documents within 10 days of this order.

3. Negative Gas Royalties (RFP 41): Defendant shall search for "royalt* W/15 negative" across the custodians identified by Plaintiffs and produce responsive documents within 10 days of this order.

4. Oil Price Comparison (RFP 43): Defendant shall produce within 10 days of this order all non-privilged documents, data, and communications regarding its internal analysis comparing Defendant's netback oil prices to competitors

5. Discovery Timing: The fact-discovery deadline is extended to November 15, 2025 solely for completion of the above productions and related follow-up discovery.

6. Plaintiffs' Hard-Copy Royalty Statements: No further production is required beyond the electronic data already provided.  Dated this 26th day of September, 2025.

                                    */s/ Clare R. Hochhalter*
                                    Clare R. Hochhalter, Magistrate Judge
                                    United States District Court