IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Ronald Penman and Adelante Oil & Gas, LLC, on behalf of themselves and a Class of similarly situated royalty owners, | ) ) ) ) ) | **ORDER GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 1:22-cv-097 |
| Hess Bakken Investments II, LLC, | ) ) | |
| Defendant. | ) ) ) | |
| Sandy River Resources, LLC and Sandy River Energy, LLC, on behalf of themselves and classes similarly situated royalty owners, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-108 |
| vs. | ) ) | |
| Hess Bakken Investments II, LLC, | ) | |

Before the Court is Defendant Hess Bakken Investments II, LLC's ("Hess") motion for leave to file under seal filed on March 9, 2026. See Doc. No. 144. Hess seeks to file its response to the Plaintiffs Sandy River Energy, LLC, Sandy River Resources, LLC's motion for class certification along with a number of exhibits and deposition transcripts under seal with redacted versions for public consumption. For the reasons set forth below, the motion is granted.

It is well-established that there is a common-law presumption of public access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have

confidence in the administration of justice." United States v. Gray, 59 F.4th 329, 333 (8th Cir. 2023). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press. United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996). A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed."). Appellate records are presumptively public. Baxter, 297 F.3d at 545.

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal

quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)).  Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

The Court has previously expressed its concerns with sealing filings. See Doc. Nos. 116 and 133.  Hess proposes a number of redactions in order to protect information it perceives as personally and commercially sensitive.  Redaction is preferred to the sealing of an entire document.  Hess correctly points out that the current motion for class certification is not dispositive and personally identifying information ought to be redacted.  However, commercially sensitive information which underpins a judicial decision must be open to public inspection.  Baxter, 297 F.3d at 545; FA ND Chev, LLC v. Kupper, No. 1:20-CV-00138, 2023 WL 4459605, at *4 (D.N.D. July 11, 2023) (refusing to seal commercially sensitive documents).

With these principles in mind, the Court has carefully reviewed Hess's proposed redactions. The proposed redactions are limited, reasonable, and narrowly tailored so as to keep only the most sensitive information from public view.  The personally sensitive information that has been redacted is irrelevant to the pending motion.  The commercially sensitive information which has been redacted has been kept to a reasonable minimum.  The Court approves of the proposed redactions.

Accordingly, the motion for leave to file under seal (Doc. No. 144) is **GRANTED**. The Memorandum and Exhibits listed in Doc. No. 144 may be filed under seal provided redacted versions are filed for public consumption.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2026.

                                                      */s/  Daniel L. Hovland*
                                                      Daniel L. Hovland, District Judge
                                                      United States District Court